O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABO BRANDS, INC.<br><br>    Plaintiff,<br>  v.<br>MAS BEVERAGES, INC.<br><br>    Defendant. | Case No. 8:11-cv-1911-ODW(ANx)<br><br>**ORDER RE CABO BRANDS, INC.'S MOTION TO DISMISS COUNTERCLAIMS [26]** |

Pending before the Court is Cabo Brands, Inc.'s motion to dismiss MAS Beverages, Inc.'s counterclaims under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26.) MAS filed an opposition on April 16, 2012, to which Cabo filed a reply on April 22, 2012. (Dkt. Nos. 29, 33.) Having considered the papers filed in support of and in opposition to this motion, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## I. FACTUAL BACKGROUND

On November 16, 2010, Cabo and MAS entered into a Sales Agreement, whereby Cabo appointed MAS as the exclusive sales and marketing representative to sell certain tequila products in territories including the United States and other countries. (Countercl. ¶¶ 20–22.) MAS alleges that, according to the Sales Agreement, it would act essentially as the middleman: MAS would market and promote the products, acquire clients in the territories, and submit orders to Cabo, who

would sell the products to MAS at the prices specified in the Sales Agreement. (Countercl. ¶ 25.)

MAS further alleges that Cabo subsequently conspired with other parties and contracted with them to sell the same products in the same territories, though the Cabo-MAS Sales Agreement granted MAS exclusivity. (Countercl. ¶ 27.) Cabo also allegedly raised the prices of the products without MAS's consent, required the clients secured by MAS to purchase directly from Cabo, and refused to provide products to fulfill the orders solicited by MAS—in an attempt to cut middleman MAS from the transaction chain. (Countercl. ¶¶ 31, 34, 37, 39.) Cabo allegedly received benefits, new orders, and increased sales as a result of MAS's marketing efforts. (Countercl. ¶¶ 41–44.)

Thereafter, Cabo filed this action against MAS on December 12, 2011. (Dkt. No. 1.) MAS filed counterclaims on March 16, 2012. (Dkt. No. 19.) Cabo now moves to dismiss MAS's counterclaim under Rule 12(b)(6) for failure to state a claim.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

### III.  DISCUSSION

MAS's counterclaims include the following six causes of action against Cabo: (1) breach of contract; (2) fraud—intentional misrepresentation; (3) fraud—negligent misrepresentation; (4) unjust enrichment; (5) unfair competition under Cal. Bus. & Prof. Code § 17200; and (6) accounting. (Dkt. No. 19.) Cabo's motion seeks dismissal of all six causes of action under Rule 12(b)(6) for failure to state a claim. The Court considers each claim in turn.

**A.  Breach of Contract**

To state a claim for breach of contract under California law, a plaintiff must plead: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).

Turning to whether MAS has adequately pleaded each of the above elements—first, the counterclaim alleges and attaches the disputed Cabo-MAS Sales Agreement. (Countercl. Ex. 1.) The counterclaim also describes the legal effect of the Sales Agreement: MAS would be Cabo's exclusive sales representative in certain territories; solicit clients for tequila products; and submit orders to Cabo, who would fulfill the orders by selling the products to MAS at the prices specified in the Sales Agreement. (Countercl. ¶¶ 20–26.)

Second, MAS allegedly performed its duty under the contract. MAS set up a sales force, expended funds and resources for marketing, secured sales from clients within MAS's territories, and submitted the orders to Cabo at the agreed upon prices. (Countercl. ¶¶ 28–30.)

Third, MAS alleges several breaches on Cabo's part:

(1) Although the Sales Agreement granted MAS the exclusive right as Cabo's sales representative in certain territories, Cabo breached this exclusivity and entered into sales agreements with other parties, allowing these parties to sell the same products in the same territories. (Countercl. ¶ 27.)

(2) Although the Sales Agreement specified the agreed upon prices of the products and required mutual consent to change them, Cabo unilaterally raised those prices without MAS's consent. (Countercl. ¶ 31.)

(3) Cabo unilaterally required clients to bypass MAS and directly purchase products from Cabo. (Countercl. ¶ 34.)

(4) Cabo refused to provide products to MAS or fulfill MAS's submitted orders. (Countercl. ¶¶ 37, 39.)

Fourth, MAS suffered damages. Cabo's price increase had a corresponding effect in decreasing MAS's margin, making it difficult to cover its overhead costs for its marketing efforts. (Countercl. ¶ 33.) Cabo's breaches also allegedly jeopardized the orders that were already in place and damaged MAS's reputation in the industry. (Countercl. ¶ 34.)

Cabo seeks to dismiss this claim based on a lack of breach. According to Cabo, the Sales Agreement states that all orders secured by MAS are subject to Cabo's approval, and Cabo could unilaterally accept or reject MAS's orders. (Mot. 7.) Cabo argues that since it never approved any orders, refusal to fulfill them did not constitute a breach. (Mot. 7–8.) Similarly, according to Cabo's interpretation of the Sales Agreement, it has the unilateral right to reject orders based on pricing. (Reply 5.) Thus, raising product prices was not a breach, unless Cabo accepted an order and then increased the prices—but this never occurred. (*Id.*) Lastly, Cabo asserts that under the Sales Agreement, MAS's exclusive representative status is not automatically granted but must be earned after forming "a relationship in a territory to [Cabo's] satisfaction," which MAS allegedly did not accomplish. (*Id.*) Thus, because MAS never established exclusivity in the United States, Cabo insists that it did not breach any exclusivity when it allowed other parties to sell Cabo products in the United States. (*Id.*)

Yet, Cabo's arguments fail because they urge the Court to prematurely turn this motion to dismiss into a summary judgment motion. Cabo's arguments rely on its interpretation of the Sales Agreement. At this stage, the Court would be derelict by conclusively accepting Cabo's interpretation. Resolution of the contract interpretation questions will most likely require consideration of various kinds of evidence, and should wait until summary judgment or trial. *In re Bank of New York Mellon Corp. False Claims Act Foreign Exch. Litig.*, No. C 11-5683 WHA, 2012 U.S. Dist. LEXIS 45558, at *23–24 (N.D. Cal. Mar. 30, 2012).

Therefore, taking MAS's factual allegations as true, its counterclaim adequately stated a claim for breach of contract. Cabo's motion to dismiss this claim is **DENIED**.

B.   **Fraud—Intentional and Negligent Misrepresentation**

In California, the elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable

reliance; and (5) resulting damage. *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)).

Pleadings of fraud are subject to a heightened standard, requiring that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Particularity means that averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The Court now turns to examine whether MAS pleaded facts with sufficient particularity to support a fraud claim under the Rule 9 heightened standard.

First, MAS alleged adequate details with respect to intentional misrepresentation. Specifically, that: Cabo promised MAS it would be the exclusive sales representative in the territories; Cabo promised to provide MAS support, services, and products; and Cabo promised to compensate MAS for its performance. (Countercl. ¶¶ 20–26, 54.) Second, MAS properly pleaded knowledge of the falsity, alleging that Cabo had no intention of performing under the Sales Agreement and falsely promised the exclusivity. (Countercl. ¶¶ 27, 35, 55–56.) Third, Cabo's intent to defraud MAS can be inferred: Cabo's tactics and unilateral decisions were intended to induce MAS to perform, make use of MAS's marketing efforts for free, and cut MAS out of pending transactions as the middleman. (Countercl. ¶¶ 35, 58.) Fourth, MAS reasonably relied on and carried out performance of the Sales Agreement—it expended funds and resources to solicit orders in its territories. (Countercl. ¶¶ 28–30, 57.) Finally, MAS suffered damages in the form of earned but unpaid commissions, out-of-pocket costs to market the products, and injury to its business reputation. (Countercl. ¶¶ 33, 36, 59.)

MAS's negligent misrepresentation claim requires even less in terms of specificity—negligent misrepresentation is the assertion of a false statement, made in belief it is true, but without reasonable grounds for such relief. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1476 (1997). MAS adequately pleaded its negligent misrepresentation claim because it relies on a subset of facts pleaded in its intentional misrepresentation claim. Accordingly, Cabo's motion to dismiss these two claims is **DENIED**.

## C.  Unjust Enrichment

There is a split of authority in California whether unjust enrichment is a cause of action. One line of cases identifies the elements of an unjust enrichment claim as one where there is (1) the receipt of a benefit, and (2) the unjust retention of the benefit at the expense of another. *Cont'l Cas. Co. v. Enodis Corp.*, 417 Fed. App'x 668, 670 (9th Cir. 2011) (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). The other line of cases identifies unjust enrichment as a "general principle" and not a cause of action. *Manantan v. Nat'l City Mortg.*, No. C-11-00216 CW, 2011 U.S. Dist. LEXIS 82668, at *14–16 (N.D. Cal. July 28, 2011). This court follows the latter; unjust enrichment is not a separate cause of action. *Thongnoppakun v. Am. Express Bank*, No. CV11-08063-ODW(MANx), 2012 U.S. Dist. LEXIS 25581, at *5 (C.D. Cal. Feb. 27, 2012). Therefore, the Court **GRANTS** Cabo's motion to dismiss MAS's unjust enrichment claim.

## D.  Unfair Business Practices

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. MAS alleges that Cabo's unfair and fraudulent business practices violate section 17200. To state a claim under the fraudulent prong of section 17200, MAS must show that members of the public are likely to be deceived. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008).

/ / /

In this private contract dispute, the Court cannot fathom how Cabo will deceive members of the public. MAS alleges that Cabo's practice "is likely to deceive members of the public who may engage [Cabo] to perform similar services and/or enter into similar contracts." (Countercl. ¶ 83.) MAS characterizes Cabo's prospective business partners as members of the public. But members of the public under the fraudulent prong of section 17200 refers to consumers, not other business entities with a relationship with the alleged defrauder. *See Aron v. U-Haul Co. of Cal.*, 143 Cal. App. 4th 796, 806 (2006). Further, this allegation lacks factual basis and merely reiterates a statement of law. Thus, the Court finds that MAS's section 17200 claim fails under the fraudulent prong.

But under the unfair prong, MAS's allegation of breach of contract suffices to state a section 17200 claim. A breach of contract may form the predicate for a section 17200 claim, provided it also constitutes conduct that is unfair. *Puentes*, 160 Cal. App. 4th at 645. MAS's counterclaim suggests that Cabo's practices were unfair because it enjoyed the benefits of MAS's performance of the Sales Agreement without carrying out its part of the contract. Thus, MAS adequately pleaded its section 17200 claim under the unfair prong. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Cabo's motion to dismiss MAS's section 17200 claim.

E.   Accounting

To state a claim for accounting, a plaintiff must allege that: (1) a relationship exists between the plaintiff and defendant that requires an accounting; and (2) some balance is due the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). An accounting requires a relationship, but not necessarily a fiduciary relationship. *See id.*

In this case, MAS and Cabo have a contractual relationship evidenced by the Sales Agreement. Further, it appears difficult to ascertain without accounting, which Cabo sales were attributable to MAS and exactly how much compensation is owed to

MAS. MAS's accounting claim adequately pleads both required elements. Therefore, Cabo's motion to dismiss MAS's accounting claim is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Cabo's motion to dismiss MAS's counterclaim.

**IT IS SO ORDERED.**

June 5, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**