O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABO BRANDS, INC., <br><br>             Plaintiff,<br>  v.<br>MAS BEVERAGES, INC.,<br><br>             Defendant. | Case No. 8:11-cv-1911-ODW(ANx)<br><br>**ORDER GRANTING CROSSDEFENDANTS' MOTION TO DISMISS [72]** |
| MAS BEVERAGES, INC.,<br><br>             Counterclaimant,<br>  v.<br>CABO BRANDS, INC.;<br><br>             Counterdefendants. | |
| MAS BEVERAGES, INC.,<br><br>             Crossclaimant,<br>  v.<br>FABRICA DE TEQUILAS FINOS S.A. DE C.V.; WORLDWIDE BEVERAGE IMPORTS, LLC; WORLDWIDE SPIRITS, INC.; UNIVERSAL BRANDS AND IMPORTS, LLC; DRINKS AMERICAS, INC.; DRINKS AMERICAS HOLDINGS, LTD; FEDERICO G. CABO; RICHARD F. CABO; and DOES 1 through 10, inclusive,<br><br>             Crossdefendants. | |

Crossdefendants—Worldwide Spirits, Inc., Worldwide Beverage Imports, LLC, Universal Brands and Imports, LLC, Drinks Americas, Inc., and Drinks Americas Holdings, Ltd.—ask the Court to dismiss MAS's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 72.) For the reasons discussed below, the Court **GRANTS** Crossdefendants' Motion to Dismiss.

## I. BACKGROUND

On November 16, 2010, MAS entered into an agreement with Cabo to promote Ed Hardy, Agave 99, and KAH brand tequilas. (Countercl. ¶¶ 20, 22.) Cabo agreed to sell the tequila products to MAS at the prices specified in the agreement, and MAS would sell the products to its clients. (Countercl. ¶ 25.) But allegedly, Cabo never intended to follow the terms of the agreement and conspired with Crossdefendants— through the control of Federico Cabo—to breach the agreement by granting Drinks the right to distribute the same tequila products throughout the United States. (Countercl. ¶¶ 27, 35, 36.) MAS claims it has the exclusive rights to distribute in numerous territories, including the United States. (Countercl. ¶ 27.) Further, Cabo and Crossdefendants failed to notify MAS of this arrangement, and purportedly allowed MAS to continue performing under the agreement. (Countercl. ¶ 28.) As a result, MAS claims that it "expended funds and effort to set up a sales force, created marketing plan," and solicited clients, following the terms of the agreement. (Countercl. ¶ 30.) MAS further alleges that it performed in good faith, but Cabo and Crossdefendants ignored MAS's efforts. (Countercl. ¶ 37.) MAS also tried to resolve the problems it had with Cabo; such as Cabo's unilateral price increase and failure to fill MAS's orders; but to no avail. (Countercl. ¶¶ 34, 39.)

On December 12, 2011, Cabo brought a complaint, seeking a declaratory judgment against MAS. (ECF No. 1.) In response, MAS filed counterclaims against Cabo for breaching the terms of the agreement and also brought claims against

---

[1] Having considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Crossdefendants on March 16, 2012.  (ECF No. 19.)  Crossdefendants now bring this motion to dismiss MAS's claims.  (ECF No. 72.)

## II.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.*  Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.*  Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as

true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Crossdefendants move to dismiss the following five causes of action asserted against them: (1) fraud-intentional misrepresentation; (2) fraud-negligent misrepresentation; (3) negligent interference with prospective economic advantage; (4) accounting; and (5) unfair business practices. (Mot. 2.) The Court considers each cause of action in turn.

**A. Fraud-Intentional and Negligent Misrepresentation**

In California, the elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)).

Pleadings of fraud are subject to a heightened standard, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Particularity means that averments of fraud must be accompanied by "the

who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). And the allegations must be specific, indicating the time, place, and content of the false representations as well as the identities of the parties to the misrepresentations. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

In this case, MAS does not allege sufficient details against Crossdefendants for its intentional and negligent fraud-misrepresentation claims. For example, MAS asserts that Crossdefendants made false representations to MAS, "knew such representations were false," and made no effort to provide support, services, or products to MAS. (Countercl. ¶¶ 55, 56.) The problem here is that MAS attributes Cabo's alleged acts to the Crossdefendants. And MAS provides no specific allegations concerning anything that Crossdefendants did to MAS, other than enter into business arrangements with Cabo. (*E.g.*, Countercl. ¶ 27.) MAS also pleads nothing concerning any contact between MAS and the Crossdefendants; and it appears there was none. Crossdefendants cannot—negligently nor intentionally—misrepresent information to MAS because Crossdefendants had no contact with MAS nor conducted any business with MAS. Accordingly, MAS's two fraud-misrepresentation claims are **DISMISSED WITH PREJUDICE** as to the Crossdefendants.

**B. Negligent Interference with Prospective Economic Advantage**

MAS claims that Drinks negligently interfered with MAS's prospective economic advantage—that Drinks "knew or should have known of the existence of the contractual relationship" between MAS and Cabo, but Drinks did not act with due care and interfered with MAS and Cabo's economic relationship. (Countercl. ¶¶ 71, 72.)

The elements of negligent interference with prospective economic advantage are: "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff

suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Hsu v. OZ Optics Ltd.,* 211 F.R.D. 615, 621 (N.D. Cal. 2002). But a defendant's conduct is blameworthy only if it was independently wrongful apart from the interference itself. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995).

MAS claims that it had an economic relationship with Cabo. (Countercl. ¶ 20.) But MAS pleads no facts showing how Drinks' conduct was independently wrongful. According to MAS, Drinks entered a contractual relationship with Worldwide to promote the tequila products in the United States. (Countercl. ¶ 27.) And even though MAS alleges a grand conspiracy between Cabo and Drinks, there is nothing in MAS's pleading that suggests that Drinks even knew about the existence of MAS. MAS provides nothing to demonstrate that Drinks's conduct was independently wrongful, apart from the alleged negligent interference. *Lange v. TIG Ins. Co.*, 68 Cal. App. 4th 1179, 1187–88 (1998) (defendant did not negligently interfere with plaintiff's prospective economic advantage when defendant merely exercised its contractual right to termination, which is not an independent wrongful act). Thus, MAS's negligent interference claim is **DISMISSED WITH PREJUDICE** as to Drinks.

## C.    Accounting

To state a cause of action for accounting, a plaintiff must allege that: (1) a relationship exists between the plaintiff and the defendant that requires an accounting; and (2) some balance is due to the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). An accounting requires a relationship, but not necessarily a fiduciary relationship. *Id.*

In this case, MAS and Cabo have a contractual relationship, but MAS does not allege any relationship with any of the Crossdefendants, except that of a competitor. So MAS's accounting claim is facially defective because it cannot plead the

relationship element. And thus, MAS's accounting cause of action is **DISMISSED WITH PREJUDICE** as to the Crossdefendants.

### D.   Unjust Enrichment

Counterdefendants do not move to dismiss this cause of action, but the Court finds it is appropriate to address this now. A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on its own motion. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

There is a split of authority in California whether unjust enrichment is a cause of action. One line of cases identifies the elements of an unjust enrichment claim as one where there is (1) the receipt of a benefit, and (2) the unjust retention of the benefit at the expense of another. *Cont'l Cas. Co. v. Enodis Corp.*, 417 Fed. App'x 668, 670 (9th Cir. 2011). The other line of cases identifies unjust enrichment as a "general principle" and not a cause of action. *Manantan v. Nat'l City Mortg.*, No. C-11-00216 CW, 2011 U.S. Dist. LEXIS 82668, at *14–16 (N.D. Cal. July 28, 2011).

This court follows the latter; unjust enrichment is not a separate cause of action. *Thongnoppakun v. Am. Express Bank*, No. CV11-08063-ODW(MANx), 2012 U.S. Dist. LEXIS 25581, at *5 (C.D. Cal. Feb. 27, 2012). Therefore, the Court **DISMISSES WITH PREJUDICE** MAS's fifth cause of action in its entirety.

### E.   Unfair Business Practices

California's unfair competition law codified under Business and Professions Code Section 17200 ("UCL") encompasses "anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). An action under UCL borrows violations from other laws and treats these violations, when committed under business activity, as unlawful practices independently actionable under UCL. *Id.*; *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).

In this case, because the Court has dismissed all of MAS's other claims against Crossdefendants, there now remains no predicate to support a UCL claim against them. *Love v. The Mail on Sunday*, 473 F. Supp. 2d 1052, 1059 (C.D. Cal. Feb. 8, 2007); *see Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1020 (N.D. Cal. Aug. 25, 2010) (dismissing the UCL claim because there is no predicate violation necessary to sustain a UCL claim); *see also Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 873, 887 (E.D. Cal. May 27, 2010) (the UCL claim survives when there is requisite predicate unlawful conduct). MAS's catch-all UCL claim must be dismissed when the other claims have been dismissed. Therefore, MAS's sixth cause of action for unfair business practices is **DISMISSED WITH PREJUDICE** as to the Crossdefendants.

### F. Alter-Ego Analysis

As a last-ditch attempt, MAS attempts to divert liability to Crossdefendants by pleading that they are all alter-egos of Cabo, and are all owned and controlled by Federico Cabo. (Countercl. ¶¶ 1–10.) But MAS's alter-ego theory makes no sense. To show that a parent and subsidiary are not separate entities, a plaintiff must plead: "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001). MAS only provides conclusory allegations in its counterclaims that Federico Cabo is the owner, majority shareholder, controlling officer, managing partner, or managing member of each of the Crossdefendants. (*E.g.*, Countercl. ¶ 9.) But beyond that, MAS does not allege facts showing the two *Unocal* alter-ego factors.

And even if MAS can show that the Crossdefendants are alter-egos of Cabo, that theory would confer the Crossdefendants' liability to the controlling party— Federico Cabo and perhaps Cabo. But this theory is worthless because, as discussed above, MAS cannot demonstrate that Crossdefendants have done anything; there is no liability to transfer. And to the extent MAS argues that Cabo is the alter-ego of

1  Crossdefendants (that Crossdefendants control Cabo), MAS provides nothing to
2  support this theory other than a simple conclusion that they are related and intertwined
3  in their business dealings.  Based on MAS's supplied facts, the Court does not find
4  that any party is an alter-ego of another.

5  **G.    Dismissal of Non-served Parties**

6  Finally, the Court notes that several parties have yet to be served process:
7  Fabrica De Tequilas Finos S.A. De; Federico G. Cabo; and Richard F. Cabo.  The
8  Court notified the parties of this defect in its September 26, 2012 Order.  (ECF
9  No. 73.)  To date, MAS has yet to file proofs of service for these three
10  crossdefendants.  Further, the Court finds no good cause in MAS's papers why service
11  was not timely effectuated.  (ECF No. 77.)  Accordingly, Fabrica De Tequilas Finos
12  S.A. De, Federico G. Cabo, and Richard F. Cabo are hereby **DISMISSED** from this
13  case under Federal Rule of Civil Procedure 4(m) for failure to serve process within
14  120 days.

15  **IV.    CONCLUSION**

16  For the reasons discussed above, no causes of action remain against any of the
17  served Crossdefendants.  Thus, the Court hereby **DISMISSES** the Crossdefendants—
18  Worldwide Spirits, Inc., Worldwide Beverage Imports, LLC, Universal Brands and
19  Imports, LLC, Drinks Americas, Inc., and Drinks Americas Holdings, Ltd.—from this
20  case.  Further, Fabrica De Tequilas Finos S.A. De, Federico G. Cabo, and Richard F.
21  Cabo are **DISMISSED** from this case.  Finally, MAS's fifth cause of action for unjust
22  enrichment is hereby **DISMISSED** in its entirety, including with respect to Cabo.

23  **IT IS SO ORDERED.**

24  November 14, 2012

26  _____
27  **OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**