

**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CABO BRANDS, INC.,

     Plaintiff,

  v.

MAS BEVERAGES, INC.,

     Defendant.

AND RELATED COUNTERCLAIMS

Case No. 8:11-cv-1911-ODW(ANx)

**ORDER DENYING MAS'S MOTION FOR PRELMINARY INJUNCTION [65]**

  Defendant MAS Beverages, Inc. asks the Court to enjoin Plaintiff Cabo Brands, Inc. from marketing, promoting, and selling tequila products in various territories including the United States.  (ECF No. 65.)  For the following reasons, the Court **DENIES** MAS's Motion for a Preliminary Injunction.[1]

## I. BACKGROUND

  On November 16, 2010, Cabo and MAS entered into a Sales Agreement, whereby Cabo appointed MAS to promote and sell Ed Hardy Tequila, Kah Tequila, and Agave 99 Tequila in the territories of North, Central and South America, the Caribbean, Asia, Europe, Middle East, and Oceana.  (Countercl. ¶¶ 20–22.)  Under the

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7–15.

Agreement, MAS would market and promote the tequila products, acquire clients in the various territories, and submit orders to Cabo, who would sell the products to MAS at the prices specified in the Agreement.  (Countercl. ¶ 25.)

MAS alleges that Cabo subsequently conspired with other parties and contracted with them to sell the same products in the same territories, even though the Agreement granted MAS exclusivity.  (Countercl. ¶ 27.)  Cabo also allegedly raised the prices of the products without MAS's consent, required MAS's clients to purchase directly from Cabo, and refused to provide products to fulfill the orders MAS solicited.  (Countercl. ¶¶ 31, 34, 37, 39.)  MAS further alleges that Cabo received benefits from MAS's marketing efforts, including new orders and increased sales. (Countercl. ¶¶ 41–44.)

Thereafter, Cabo filed this declaratory judgment action against MAS on December 12, 2011.  (ECF No. 1.)  MAS filed counterclaims on March 16, 2012. (ECF No. 19.)  MAS now seeks to enjoin Cabo from marketing, promoting, and selling the products.  Further, MAS seeks from Cabo an accounting of monies received for past sales and specific performance by filling MAS's solicited sales orders.

## II.    LEGAL STANDARD

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A plaintiff seeking a preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest.  *Id.* at 20; *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011).  In each case, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).  Further, courts of equity should pay particular regard for the public consequences in employing the

1  extraordinary remedy of injunction.  *Weinberger v. Romero-Barcelo*, 456 U.S. 305,

2  312 (1982).

3                              **III.   DISCUSSION**

4         MAS's Motion addresses the merits of its first two causes of action: breach of

5  written contract and fraud.[2]  The Court considers each in turn.

6  **A.     Likelihood of success on the merits**

7         **1.      *Breach of written contract***

8         MAS argues that it will likely succeed on the merits for its breach of contract

9  claim because Cabo breached the contract by not filling MAS's valid order.

10  (Mot. 10.)  Even though MAS acknowledges that the Agreement gives Cabo the right

11  to accept or reject MAS's orders at will, MAS contends that Cabo violated the implied

12  covenant of good faith and fair dealing when it rejected MAS's order without reason.

13  (*Id.*)

14        The implied covenant of good faith and fair dealing does "not apply where no

15  express term exists on which to hinge an implied duty and where there has been

16  compliance with the contract's express terms."  *Berger v. Home Depot U.S.A., Inc.*,

17  476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007).  Because "the scope of conduct

18  prohibited by the covenant of good faith is circumscribed by the purposes and express

19  terms of the contract," the Court must examine the express terms to determine if Cabo

20  violated the implied covenant.  *Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2

21  Cal. 4th 342, 373 (1992).

22        Here, even though Cabo refused to fill the orders, the Agreement's express

23  terms allow Cabo to review every order that MAS submitted, and then decide to

24  accept or reject the order.  (Countercl. Ex. 1 ¶ 2.)  So, on the face of the contract, Cabo

25  did not breach any express terms.  Thus, since rejection of submitted sales orders was

26  _____

27  [2] MAS does not predicate its Motion on its other surviving causes of action against Cabo: unfair
competition; and accounting.  Because MAS fails to discuss these causes of action, the Court
declines to consider them in the analysis for a preliminary injunction.  *Greenwood v. FAA*, 28 F.3d

28  971, 977 (9th Cir. 1994) ("Judges are not like pigs, hunting for truffles buried in briefs.").

1   within Cabo's right under the Agreement, Cabo did not breach the implied covenant.

2   This may appear to be unfair from MAS's perspective, but there may have been

3   legitimate reasons for Cabo's rejection of MAS's submitted sales orders—and this

4   contract allows for such rejection.  Therefore, MAS is unlikely to win on the merits on

5   its claim for breach of contract.

6       **2.    Fraud**

7       MAS also argues that Cabo committed fraud—intentionally or negligently—

8   when MAS and Cabo entered into the Agreement because Cabo never intended to

9   perform under the contract.  (Countercl. ¶ 35.)  In California, the elements for a claim

10  of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e.,

11  to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *City Solutions*

12  *Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004).

13      MAS's allegations of fraud fail because Cabo did not make any

14  misrepresentations—instead, the "fraud" stems from MAS's misunderstanding of the

15  Agreement.  MAS alleges that Cabo misrepresented MAS's exclusive standing—

16  "MAS would be the exclusive sales and marketing representative for all Territories"—

17  by entering into separate agreements with third parties that "thwarted MAS's

18  exclusivity as [Cabo's] sales and marketing representative."  (Counterc. ¶ 54–55.)

19      But turning to the Agreement, MAS agreed to the terms of the contract knowing

20  that it would not be the exclusive representative in all the territories until "MAS

21  shows Cabo Group that it has started a working relationship" in those territories.

22  (Countercl. Ex. 1 at 7.)  This language undermines MAS's contention that it was the

23  exclusive sales and marketing representative for the tequila products in the various

24  territories.  The exclusivity provision is triggered only after MAS fulfills its part.  And

25  so, the Court also finds it is unlikely that MAS would succeed on its fraud claim.

26  Accordingly, this factor weighs against granting the preliminary injunction.

27  / / /

28  / / /

4

**B.      Irreparable harm**

To warrant preliminary injunctive relief, MAS must also show that irreparable harm is likely, absent such relief.  *Winter*, 555 U.S. at 22.  Injunctive relief should not be granted if irreparable harm is absent and there exists an adequate remedy at law.  *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).  Irreparable harm may not be presumed.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1215 (C.D. Cal. 2007).  Issuing a preliminary injunction based only on a possibility of irreparable harm is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

First, MAS avers that it spent $500,000 and expended great effort to promote and advertise the products as agreed in the contract.  (Mot. 7.)  MAS claims that Cabo's refusal to fill MAS's orders harmed MAS's reputation.  (Mot. 12.)  MAS is correct that intangible injuries, such as damage to MAS's marketing efforts and its reputation, can qualify as irreparable harm.  *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991); (Mot. 13.)

Assuming these facts as true, Cabo's conduct is not illegal or prohibited under the parties' Agreement.  As discussed above, Cabo had the right to refuse MAS's orders at any time, and MAS did not have the exclusive right to promote the tequila products in any territory until MAS showed that it "has started a working relationship in" those territories.  (Countercl. Ex. 1 at 7.)

Further, the Court is unconvinced that should MAS prevail, that damages would not be an adequate remedy.  In terms of lost revenue and compensation for expenditures, the propriety of damages is obvious.  And as for loss of reputation, the Court finds that any loss of reputation is minimal, or at the very least, could be compensated by damages because one must have a business reputation before it could be harmed: "[MAS's] sole business lies in the Agreement."  (Speizman Decl. ¶ 10.)

For the above reasons, this factor does not weigh in MAS's favor.

**C.     Balance of the equities**

The Court must also consider the effect that granting injunctive relief would have on Cabo.  *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).  MAS argues that the balance of hardships weighs heavily in its favor, because the products are the only one that MAS sells and are its only source of revenue.  (Mot. 16.)

If the Court grants the preliminary injunction, it does not give MAS an advantage.  Instead, the injunction would harm Cabo's business.  By granting the injunction, Cabo would have to stop marketing and selling its tequila products—yet at the same time, MAS will not automatically become the exclusive representative for Cabo's tequila products.  Cabo would lose a revenue stream and MAS will not necessarily have any products to sell.  Accordingly, the Court finds that this factor slightly favors denying the injunction.

**D.     Public interest**

Finally, a plaintiff seeking an injunction must establish that the injunction is in the public interest.  *Internet Specialties West, Inc. v. Milon-Digiorgio Enters.*, 559 F.3d 985, 993 (9th Cir. 2009).  When an injunction is narrowly tailored and affects only the parties to suit, "the public interest will be at most a neutral factor in the analysis."  *Stormans, Inc.*, *v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009).  Here, the action is limited to the parties involved and has only a slight impact on the public in the form of less availability of the tequila products.  Therefore, the Court finds that this public interest factor is neutral.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV.    CONCLUSION

Upon balancing the foregoing factors, the Court finds that MAS failed to demonstrate that it is entitled to a preliminary injunction.  In particular, the Court notes that MAS has little likelihood of prevailing on the merits of its counterclaims. Accordingly, MAS's Motion for Preliminary Injunction is hereby **DENIED**.

**IT IS SO ORDERED.**

December 4, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**